ORIGINAL

LAW OFFICE OF DOUGLAS H. KNOWLTON

DOUGLAS H. KNOWLTON   3438-0
Suite 333, Fort Street Tower
Topa Financial Center
745 Fort Street
Honolulu, Hawaii 96813
Telephone No.: 533-6767

Attorney for JOHN LUCIA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 01 2008

at 4 o'clock and 15 min P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL DAVID OGDEN as Special Administrator of the Estate of CHARLES BENSON OGDEN,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF MAUI; JOHN LUCIA; CLIFFORD PACHECO; JOHN DOES 1-10, AND DOE ENTITIES 1-10,<br><br>Defendants. | CIVIL NO. 06-00113 JMS/LEK<br><br>FINDINGS AND RECOM-MENDATION TO GRANT DEFENDANT'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT<br><br>TRIAL DATE: July 1, 2008 |

**FINDINGS AND RECOMMENDATION
TO GRANT DEFENDANT'S PETITION FOR
DETERMINATION OF GOOD FAITH SETTLEMENT**

Before the Court is the Petition for Approval of Good Faith

Settlement ("Petition"), filed by Defendant John Lucia ("Defendant Lucia") on

December 20, 2007. The Petition and proposed settlement agreement attached

thereto as Exhibit "A" reflect the settlement of the claims of the Plaintiff Michael David Ogden as Special Administrator of the Estate of Charles Benson Ogden ("Plaintiff Ogden") against Defendant Lucia in the amount of $20,000.00. Additional terms of the settlement include: probate court approval of the settlement and Partial Dismissal with Prejudice of All Claims against Defendant Lucia. No opposition to the Petition has been received. Defendants County of Maui and Clifford Pacheco ("County Defendants") filed a Statement of No Position and Non-Appearance regarding the Petition on December 26, 2007.

The settlement occurred as a result of a Local Rule 16.5 Settlement Conference on November 29, 2007, the terms of which were placed on the record on December 10, 2007, with appearances by Eric A. Seitz, Esq. for Plaintiff Ogden and Douglas H. Knowlton, Esq. for Defendant Lucia. Upon consideration of the Petition, and based upon the records and files of the case together with the matters raised during the Settlement Conference, the Court HEREBY FINDS and RECOMMENDS that Defendant Lucia's Petition be GRANTED.

## BACKGROUND

The instant case arises out of the death of Charles Benson Ogden due to fatal gunshot wounds inflicted by Maui County Police Officer Clifford Pacheco on February 29, 2004 (Complaint for Damages, Paragraph 15, filed on February 23, 2006). The County Defendants allege that Officer Pacheco was attempting to

apprehend Mr. Ogden on a beach at Kihei, Maui for exposing his genitals, that he ran through the property of John Lucia, that Mr. Lucia joined in the attempt to apprehend Mr. Ogden, that Mr. Lucia was sprayed by Mr. Ogden with bear spray and tackled Mr. Ogden, and that Mr. Lucia had no further direct contact with Mr. Ogden as Officer Pacheco then arrived at the scene (County Defendants Scheduling Conference Statement, filed on July 18, 2006).

## DISCUSSION

### I.   Applicable Law

The instant case involves both state law claims (negligence and assault) and federal civil rights claims pursuant to 42 U.S.C. Section 1983 and 28 U.S.C. Sections 1331 and 1343(3). Plaintiff's claims against Defendant Lucia include state law claims for negligence and assault and he is therefore seeking a determination of good faith settlement pursuant to state law. This Court will therefore determine whether the settlement was in good faith pursuant to Hawaii Revised Statutes §663-15.5.

### II.   Determination of Good Faith Settlement

Under Hawai`i law, a party must petition the court for a hearing on the issue of whether a settlement was made in good faith and must serve notice to all known joint tortfeasors or co-obligors. See Haw. Rev. Stat. §663-15.5(b).

"The petition shall indicate the settling parties and the basis, terms, and settlement amount." Id. Any non-settling party may file an objection and such party bears the burden of proving a lack of good faith. See id.

In Troyer v. Adams, the Hawai`i Supreme Court adopted a "totality of the circumstances" approach for the § 663-15.5 analysis of whether a settlement was made in good faith. See 102 Hawai`i 399, 425, 77 P.3d 83, 109 (2003). The court noted that the statute's legislative intent focused more on "encouraging settlements than ensuring the equitable apportionment of liability." See id. at 426, 77 P.3d at 110. The court therefore rejected California's process of conducting "mini-trials" to determine the parties' probable liability before approving a settlement.

The claims asserted against Defendant Lucia involve attempting to assist a Maui County Police Officer apprehend Mr. Ogden and tackling Mr. Ogden on the beach while being sprayed with bear spray. There was no apparent injury or damage to Mr. Ogden as a result of being tackled and Mr. Lucia was not directly involved in the subsequent fatal gunshot wounds sustained by Mr. Ogden. This court finds that, in light of the nature of the Plaintiff's claims against Defendant Lucia and the Plaintiff's likelihood of success, the amount of the settlement is reasonable and significant. Accordingly, the Court recommends that the district court grant Defendant Lucia's Petition.

## CONCLUSION

On the basis of the foregoing, this Court FINDS and RECOMMENDS that Defendant John Lucia's Petition for Approval of Good Faith Settlement, filed on December 20, 2007, be GRANTED to the extent that this court finds that Plaintiff and Defendant Lucia entered into the settlement in good faith.

DATED: Honolulu, Hawaii, 2/1/08.

_____
LESLIE E. KOBAYASHI
UNITED STATES MAGISTRATE JUDGE

APPROVED AS TO FORM AND CONTENT:

_____
ERIC A. SEITZ
Attorney for Plaintiff

_____
KENNETH S. ROBBINS
MOANA MONIQUE LUTEY
Attorneys for Defendants
COUNTY OF MAUI and CLIFFORD PACHECO

*Ogden v. County of Maui, et al.*; Civil No. 06-00113 JMS/LEK; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT