IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL DAVID OGDEN, as Special Administrator of the Estate of Charles Benson Ogden,<br><br>      Plaintiff,<br><br>  vs.<br><br>COUNTY OF MAUI, ET AL.,<br><br>      Defendants. | CIVIL NO. 06-00113 JMS-LEK |

**REPORT OF SPECIAL MASTER ON PLAINTIFF'S
OBJECTIONS TO DEFENDANTS' BILL OF COSTS AND
<u>MOTION TO DISALLOW FILED MAY 23, 2008</u>**

Before the Court, pursuant to a designation by United States District Judge J. Michael Seabright, is Plaintiff Michael David Ogden's ("Plaintiff")[1] Objections to Defendants' Bill of Costs and Motion to Disallow ("Objections"), filed May 23, 2008. Defendants County of Maui and Clifford Pacheco (collectively "Defendants") filed their Bill of Costs on May 20, 2008, seeking $9,931.87. Defendants submitted a Reply Memorandum in Support of Their Bill of Costs ("Reply") on May 30, 2008. Pursuant to this Court's August 5, 2008 Entering Order, Plaintiff filed a Supplementary Memorandum in response to the Reply on August 13, 2008. In accord with Local Rule LR7.2(d), this Court

---

[1] Plaintiff filed the instant action in his capacity as Special Administrator of the Estate of Charles Benson Ogden ("Decedent"), who was Plaintiff's brother.

finds this matter suitable for disposition without a hearing. After reviewing the parties' submissions and the relevant legal authority, the Court FINDS and RECOMMENDS that Plaintiff's Objections be GRANTED IN PART and DENIED IN PART.  The Court RECOMMENDS that the district judge TAX costs against the Plaintiff in the amount of $3,000.00.

## BACKGROUND

The instant case arises from an altercation between Decedent and Defendant Pacheco, a police officer with the Maui Police Department, which resulted in Decedent's shooting death. [Objections, Decl. of Eric A. Seitz ("Seitz Decl.") at ¶ 2.]

On February 23, 2006, Plaintiff filed his Complaint, alleging negligence and the deprivation of state and federal constitutional rights pursuant to 42 U.S.C. § 1983.[2]  [Complaint at ¶¶ 19-20, 22.]  On January 30, 2008, Defendants filed a Motion for Summary Judgment on all of Plaintiff's claims.  The district judge issued an order granting summary judgment in favor of Defendants on April 21, 2008, and judgment was entered on the same day.

Defendants' Bill of Costs seeks taxation of the following costs from Plaintiff:

(1) Fees for service of summons and         $  687.00

---

[2] Plaintiff also named John Lucia as a defendant, but Plaintiff and Lucia later reached a settlement.  Lucia assisted Defendant Pacheco in pursuing Decedent.

| | |
|---|---|
| subpoena | |
| (2) Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | $4,700.34 |
| (3) Fees and disbursements for printing | $  909.15 |
| (4) Fees for witnesses | $  882.83 |
| (5) Fees for exemplification and copies of papers necessarily obtained for use in the case | $  133.35 |
| (6) Other costs | $2,619.20 |
| **Total** | **$9,931.87** |

[Bill of Costs at 2.]

  In his Objections, Plaintiff argues that Defendants' requested costs were neither compensable nor reasonably incurred. He notes that the requested deposition costs are primarily for the depositions of Oklahoma witnesses and these depositions were never presented at any stage of the case. Plaintiff asks the Court to disallow Defendants' Bill of Costs in its entirety and/or to defer any award of costs until the Ninth Circuit Court of Appeals rules upon Plaintiff's appeal. Plaintiff also argues that, at the time of his death, Decedent had no assets and his estate has no assets or current value.

  In the Reply, Defendants that the mere fact that they did not present the deposition transcripts in connection with the Motion for Summary Judgment does not mean that Defendants' deposition costs are not taxable. Defendants argue that the

depositions were necessary to establish that Decedent had a history of mental illness, drug use, and assaultive behavior. Such testimony could refute Plaintiff's claim that Decedent had done nothing to warrant the use of deadly force against him. Defendants also used the depositions to explore Decedent's employment compensation, which would have been relevant to Plaintiff's damages claim based on Decedent's future earnings.

With regard to Decedent's estate, Defendants noted that the taxation of costs does not require a valuation of the non-prevailing party's estate.  Further, Defendants assert that Decedent had substantial assets.  He owned a 1.25 acre parcel of lake-front property in Oklahoma and received a $50,000 inheritance from his grandmother in April 2000.  Finally, Defendants point out that the estate received a $20,000 settlement from Defendant Lucia.

In his Supplementary Memorandum, Plaintiff reiterates that he should not have to bear the costs of depositions that were not presented in connection with the Motion for Summary Judgment.  Plaintiff also argues that Defendants have not presented sufficient evidence to allow the Court to make findings regarding the estate's ability to pay Defendants' costs.  There is no evidence that Decedent owned more than the clothes on his back and the items in his backpack when he was shot.  Plaintiff states that the settlement from Defendant Lucia went to

4

Plaintiff's litigation and appeal costs and did not become part of Decedent's estate.

## DISCUSSION

### I. Entitlement to Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs-other than attorney's fees-should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); see also Local Rule LR 54.2(a). Insofar as the district judge granted summary judgment in favor of Defendants, this Court finds that Defendants are the prevailing party for purposes of Rule 54(d)(1).

A district court may exercise discretion in allowing or disallowing reimbursement of the costs of litigation, but it may not tax costs beyond those enumerated in 28 U.S.C. § 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds, 42 U.S.C. § 1988(c). "Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920." Frederick v. City of Portland, 162 F.R.D. 139, 142 (D. Or. 1995) (citing Alflex Corp. v. Underwriters Lab., Inc., 914 F.2d 175, 177 (9th Cir. 1990) (per curiam)). Section 1920 enumerates the following costs:

> 1. Fees of the clerk and marshal;
> 2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

      3.    Fees and disbursements for printing and witnesses;
      4.    Fees for exemplification and copies of papers necessarily obtained for use in the case;
      5.    Docket fees under section 1923 of this title;
      6.    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Under Rule 54(d), a prevailing party is presumptively entitled to taxable costs; the losing party must show that the taxation of costs is not appropriate. See Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003).

## II. Calculation of Costs

### A. Plaintiff's Objections to Travel Costs

Defendants argue that they incurred attorney travel expenses as a result of various depositions taken in Oklahoma in connection with this litigation. Plaintiff objects to theses costs because the witnesses had no knowledge about Decedent's death and therefore the depositions were wasteful and unnecessary. In addition, Plaintiff contends that Defendants never presented the deposition testimony of these witnesses to the district judge. [Seitz Decl. at ¶ 5.]

Defendants' request for attorney travel costs consists of the following:

| Date | Vendor | Description | Amount |
|---|---|---|---|
| 2/3/08 | Orbitz American Airlines | Travel for Moana Lutey to Oklahoma for depositions | $ 776.92 |

6

| | | | |
|---|---|---|---|
| 2/3/08 | County of Maui | Out-of-State Per Diem | $1,051.25 |
| 2/10/08 | Moana Lutey | Oklahoma Travel - Hotel Reimbursement | $   93.84 |
| 2/10/08 | Moana Lutey | Oklahoma Travel - Ground Transportation | $  528.84 |
| | | **Total** | **$2,450.85** |

[Itemization of Bill of Costs ("Itemization") at 3.]  Defendants submitted documents supporting counsel's travel expenses.  [Bill of Costs, Aff. of Moana M. Lutey ("Lutey Aff."), Exh. G.] Attorney travel expenses to attend depositions are not taxable under § 1920 and the Local Rules.  See Yasui v. Maui Elec. Co., 78 F. Supp. 2d 1124, 1130 (D. Haw. 1999) ("travel expenses of attorneys are not recoverable under § 1920" (citation omitted)); Local Rule LR54.2(f)2. ("The expenses of counsel for attending depositions are not allowable.").  This Court therefore RECOMMENDS that Plaintiff's Objections to Defendants' travel costs be GRANTED.

Although Plaintiff did not raise other objections to Defendants' specific expenses, insofar as the district court cannot tax costs beyond those enumerated in § 1920, see Crawford Fitting, 482 U.S. at 441-42, this Court must review Defendants' request items to determine if they are taxable.

**B.    Fees for Service of Subpoenas**

Section 1920(1) allows for the taxation of the fees of

7

the marshall.  Local Rule 54.2(f)1. states: "Fees for the service of process and service of subpoenas by someone other than the marshal are allowable, to the extent they are reasonably required and actually incurred."  Defendants request $687.00 for the fees associated with the service of subpoenas:

| | | |
|---|---|---|
| 1/16/08 | Serve Subpoena - Oklahoma City, OK | $ 60.00 |
| 1/16/08 | Serve Subpoena - Quinton, OK | $150.00 |
| 1/16/08 | Serve Subpoena - Muskogee, OK | $150.00 |
| 1/16/08 | Serve Subpoena - Quinton, OK | $150.00 |
| 2/11/08 | Serve Subpoena - Honolulu, HI | $ 44.00 |
| 2/11/08 | Serve Subpoena - Honolulu, HI | $ 18.00 |
| 2/22/08 | Serve Subpoena - St. Louis, MO | $ 40.00 |
| 1/16/08 | Serve Subpoena - Ardmore, OK | $ 75.00 |
| | **Total:** | **$687.00** |

[Itemization at 1.]  Defendants submitted adequate supporting documents establishing their costs for the service of subpoenas.  [Exh. A-1 - A-8 to Lutey Aff.]  This Court FINDS that these costs were reasonably required and actually incurred in this case.

### C. Court Reporter Fees

Section 1920(2) provides for the taxation of the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case[.]"  28 U.S.C. § 1920(2).  Defendants request $4,700.34 in court reporter fees consisting of the following:

| | | |
|---|---|---|
| 1/31/08 | Depositions of John Lucia | $  757.34 |
| 2/29/08 | Deposition of Janet Jackson | $  734.15 |
| 3/7/08 | Deposition of Michael Ogden | $1,008.41 |
| 3/7/08 | Deposition of Rudolph Ogden, Wayne Ogden, and Teri Ogden-Oyler | $  844.03 |

8

|  |  |  |
|---|---|---|
| 3/7/08 | Deposition of Linda Brunson, Kenneth Brunson, Dan Griffith, Gail Griffith | $  933.38 |
| 3/7/08 | Deposition of Eula Ogden | $  423.03 |
|  | **Total** | **$4,700.34** |

[Itemization at 1-2.]  Defendants submitted an invoice for each expense.  [Exh. B-1 - B-5 to Lutey Aff.]

> The cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable.  A deposition need not be introduced in evidence or used at trial, so long as, at the time it was taken, <u>it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery</u>.  The expenses of counsel for attending depositions are not allowable.

Local Rule LR54.2(f)2. (emphasis added).  Thus, contrary to Plaintiff's position, the standard is not whether the depositions were used for the Motion for Summary Judgment.  Based on this Court's review of the record in this case and on Defendants' representations in the Reply, the Court FINDS that it could be reasonably expected that these depositions would be used for trial preparation.

### D. **In-House Printing**

Defendants incurred $133.35 for counsel's in-house printing (889 copies) at a rate of $0.15 per page.  Defendants included a list of each document copied and the number of copies counsel made.  [Exh. E to Lutey Aff.]  Local Rule LR54.2(f)4. states:

> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied. . . .

This Court FINDS that Defendants' submission complies with Local Rule LR54.2(f)4., and therefore this expense is taxable in full.

**E.     Outside Printing**

Defendants state that they necessarily incurred outside printing costs of $909.15:

| | | |
|---|---|---|
| 5/19/05 | Printers, Inc. | $ 46.24 |
| 12/17/07 | Office of the Court Clerk | $ 14.50 |
| 1/17/08 | First Hawaiian Bank | $772.50 |
| 1/22/08 | Information Management Partners | $ 52.36 |
| 2/14/08 | Dept. of Veteran Affairs | $ 15.00 |
| 3/3/08 | Office of the Court Clerk | $  7.50 |
| 3/3/08 | U.S. Post Office | $  1.05 |
| | **Total** | **$909.15** |

[Itemization at 2.]  Defendants provided supporting documentation for each expense.  [Exhs. C-1 - C-7 to Lutey Aff.]

With regard to the $46.24 incurred at Printers, Inc. and the $14.15 and $7.50 incurred at the Office of the Court Clerk of McIntosh County, [Exhs. C-1, C-2 & C-6 to Lutey Aff.,] Defendants did not submit any information about the documents copied.  The Court therefore finds that these expenses are not compensable under Local Rule LR54.2(f)4.  The $52.36 invoice from Information Management Partners, Inc. references John Dunbar's records and cites Civil Number 07-00107 DAE-BMK.  [Exh. C-4 to Lutey Aff.]  The Court therefore finds that this expense is not

taxable because these copies were not necessarily obtained for use in this case. In addition, the $1.05 money order fee paid to the post office is outside the scope of, and not taxable under, § 1920. [Exh. C-6 to Lutey Aff.]

With regard to the $772.50 in costs incurred for the certified reproduction of Decedent's bank records from First Hawaiian Bank, $195.00 is attributable to non-taxable research costs. [Exh. C-3 to Lutey Aff.] Insofar as reasonable *copying costs* are taxable, the Court will deduct the $195.00 labor charge from Defendants' request for outside printing costs. Even if the Court construes the labor charge as compensation for the labor necessary to copy the documents, the Court would still deduct the labor charge. Thirty dollars an hour for copying documents is not reasonable. See Local Rule LR54.2(f)4. ("The practice of this court is to allow taxation of copies at . . . the actual cost charged by commercial copiers, provided such charges are reasonable."). The Court finds that the remaining $577.50 of the First Hawaiian Bank expense is taxable.

The $15.00 incurred with the Department of Veteran Affairs appear to be for copies of Decedent's medical records. [Exh. C-5 to Lutey Aff.] The Court finds that this expense is taxable.

This Court FINDS that $592.50 of Defendants' outside printing costs are taxable.

**F.    Witness Fees**

"Per diem, subsistence, and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821." Local Rule LR54.2(f)3.; see also Clausen v. M/V New Carissa, 339 F.3d 1049, 1064 (9th Cir. 2003) (stating that witness fees are taxable costs under § 1920(3), but are limited to forty dollars per day under 28 U.S.C. § 1821(b)); Yasui v. Maui Elec. Co., Ltd., 78 F. Supp. 2d 1124, 1130 (D. Haw. 1999) (same).

Defendants request $40.00 for each of nine witnesses who they subpoenaed to testify:

|                               | Attendance | Mileage    | Total    |
|-------------------------------|------------|------------|----------|
| Janet Jackson & Eula Ogden    | 80.00      | 24/11.64   | $ 91.64  |
| Dan & Gail Griffith           | 80.00      | 560/271.60 | $351.60  |
| Kenneth & Linda Brunson       | 80.00      | 80/44.62   | $124.62  |
| Rudolph "Doc" Ogden           | 40.00      | 46/22.31   | $ 62.31  |
| Wayne Ogden                   | 40.00      | 46/22.31   | $ 62.31  |
| Teri Ogden-Oyler              | 40.00      | 310/150.35 | $190.35  |
|                               |            | **TOTAL**  | **$882.83** |

[Bill of Costs at 3.] Defendants submitted an invoice for each request. [Exh. D to Lutey Aff.]

Dan and Gail Griffith and Kenneth and Linda Brunson were deposed on February 7, 2008; Rudolph Ogden, Wayne Ogden, and Teri Ogden-Oyler were deposed on February 8, 2008; and Janet Jackson and Eula Ogden were deposed on February 9, 2008. The Court finds that the statutory witness fees for these deponents were reasonably necessary in this case.

Defendants also request a total of $522.83 in mileage reimbursements associated with these depositions. Section 1821(c)(2) provides:

> A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle. Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.

28 U.S.C. § 1821(c)(2). Section 5704 allows for reimbursement of "a rate per mile established by the Administrator of General Services, instead of the actual expenses of transportation, for the use of a privately owned automobile . . . ." 5 U.S.C. § 5704(a)(1). If two witnesses travel to their depositions in one automobile, only the witness who actually incurs the travel expenses is entitled to the mileage reimbursement. See 28 C.F.R. § 21.4(b)(2).

The United States General Services Administration mileage reimbursement rate effective on the date of the depositions at issue in this case was $0.485 per mile. Defendants' requested mileage reimbursements for Janet Jackson and Eula Ogden, Dan and Gail Griffith, Rudolph Ogden, Wayne Ogden, and Teri Oyler-Ogden reflect the $0.485 per mile rate.[3]

---

[3] Where Defendants' Bill of Costs lists two deponents with the same address within one request for witness fees, the Court
(continued...)

13

The Court finds that these requests are consistent with the applicable statutes and regulations.

Defendants, however, request $44.62 for the eighty miles that Kenneth and Linda Brunson traveled, representing $0.55775 per mile. [Bill of Costs at 3.] Defendants' Exhibit D states that Kenneth and Linda Brunson each traveled forty-six miles and are therefore each entitled to $22.31, which represents $0.485 per mile. The Brunsons' address is in Quinton, Oklahoma, as is Rudolph Ogden's and Wayne Ogden's. Defendants state that Rudolph Ogden and Wayne Ogden traveled forty-six miles to the depositions. Thus, it appears that the Brunsons traveled forty-six miles to their depositions and that they traveled together. This Court therefore finds that the Brunsons are entitled to a mileage reimbursement of $22.31.

This Court FINDS that Defendants' request for $360.00 in witness fees and $500.52 in mileage fees is taxable.

**G.   Other Costs**

In addition to the attorney travel expenses addressed *supra*, Defendants' request for other costs includes media coverage and freight and hauling of documents to Oklahoma. Defendants' request consists of the following:

12/11/07   Dateline        Broadcast News      $ 22.51

---

[3](...continued)
assumes that these witnesses traveled together and are therefore only entitled to one mileage reimbursement.

14

|  |  |  |  |
|---|---|---|---|
|  | Media, Inc. | Coverage |  |
| 1/18/08 | DHL | Overnight to Malan Investigations | $ 43.44 |
| 1/18/08 | DHL | Overnight to Pro Service | $ 28.37 |
| 12/19/07 | Fed Ex | Overnight to McIntosh | $ 30.32 |
| 12/19/07 | Fed Ex | Overnight Return Mail | $ 43.71 |
|  |  | **Total** | **$168.35** |

[Itemization at 3.]  Defendants submitted documents supporting these expenses.  [Exhs. F-1 & F-2 to Lutey Aff.]  Costs related to media coverage and postage are not among the taxable costs enumerated in § 1920.  This Court therefore RECOMMENDS that Defendants' request for other costs be DENIED.

### H. Summary of Costs under § 1920

This Court FINDS that the following costs are taxable pursuant to 28 U.S.C. § 1920:

| | |
|---|---|
| (1) Fees for service of summons and subpoena | $   687.00 |
| (2) Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | $4,700.34 |
| (3) Fees and disbursements for printing | $   592.50 |
| (4) Fees for witnesses | $   860.52 |
| (5) Fees for exemplification and copies of papers necessarily obtained for use in the case | $   133.35 |
| **Total** | **$6,973.71** |

### III. Economic Disparity Between the Parties

In his Objections, Plaintiff argues that Defendants'

Bill of Costs should be disallowed in its entirety or deferred until the Ninth Circuit rules on Plaintiff's appeal.  [Seitz Decl. at ¶ 8.]  Plaintiff also states that Decedent's estate "has no assets or current value."  [Id. at ¶ 3.]

The Ninth Circuit has held that, in determining the amount of taxable costs, courts must consider a plaintiff's limited financial ability to pay an award of costs and the chilling effect that a high award will have on future civil rights litigants.  See Save Our Valley, 335 F.3d at 945.  Plaintiff has the burden of proving that costs should not be awarded based on the estate's inability to pay.  See id. at 944-45.  Plaintiff asserted that Decedent's estate has no present value and Defendants presented deposition testimony that appears to contradict this.  Based on the Court's familiarity with the case and the parties' submissions in connection with the Bill of Costs, the Court cannot conclude that Decedent's estate is entirely unable to pay an award of costs.  The Court, however, finds that the estate's ability to pay is limited and that an award of approximately $7,000 in costs would have a chilling effect on other similarly situated persons who may desire to bring civil rights actions.  Defendants are in a better position to bear the burden of the costs of litigation.  The Court therefore FINDS that Defendants' award of costs should be adjusted in light of the economic disparity between the parties'.

The Court finds that a reduction of the taxable costs to $3,000.00 is warranted in light of the economic disparity between the parties. See, e.g., Yasui, 78 F. Supp. 2d at 1130-31 (although the defendants were entitled to $9,258.14 in costs, the court awarded costs of $5,000 because the plaintiff had an inoperable malignant brain tumor, could no longer work, and faced substantial medical costs).

Plaintiff, however, presents no authority for his argument that the taxation of costs should be stayed because of his pending appeal before the Ninth Circuit. This Court therefore recommends that the district judge DENY Plaintiff's Objections with regard to this issue.

This Court RECOMMENDS that the district judge GRANT IN PART AND DENY IN PART Plaintiff's objection that taxation of costs should be disallowed or deferred because of the economic disparity between the parties. The Court RECOMMENDS that the district judge TAX $3,000.00 in costs against Plaintiff and in favor of Defendants.

## CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Plaintiff's Objections to Defendants' Bill of Costs Filed May 23, 2008, be GRANTED IN PART and DENIED IN PART. Specifically, the Court recommends that the district judge grant Plaintiff's Objections as to Defendants'

travel costs and as to a reduction in the award of costs based on the economic disparity between the parties.  The Court recommends that the district judge deny Plaintiff's Objections in all other respects.

       The Court RECOMMENDS that the district court TAX costs against Plaintiff in the amount of $3,000.00.

       IT IS SO FOUND AND RECOMMENDED.

       DATED AT HONOLULU, HAWAII, September 4, 2008.



       /S/ Leslie E. Kobayashi
       Leslie E. Kobayashi
       United States Magistrate Judge

**MICHAEL DAVID OGDEN, ETC. V. COUNTY OF MAUI, ET AL; CIVIL NO 06-00113 JMS-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFF'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS AND MOTION TO DISALLOW FILED MAY 23, 2008**