IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL DAVID OGDEN as Special Administrator of the Estate of CHARLES OGDEN, <br><br>            Plaintiff, <br><br>     vs. <br><br> COUNTY OF MAUI; CLIFFORD PACHECO; JOHN DOES 1-10; AND DOE ENTITIES 1-5, <br><br>            Defendants. | CIVIL NO. 06-00113 JMS/LEK <br><br> ORDER AFFIRMING REPORT OF SPECIAL MASTER ON PLAINTIFF'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS AND MOTION TO DISALLOW |

## ORDER AFFIRMING REPORT OF SPECIAL MASTER ON PLAINTIFF'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS AND MOTION TO DISALLOW

### I. INTRODUCTION

Plaintiff Michael David Ogden ("Plaintiff"), as Special Administrator of the Estate of Charles Benson Ogden ("Ogden"), alleged that the County of Maui (the "County") and Maui Police Officer Clifford Pacheco ("Officer Pacheco"), (collectively "Defendants"), violated Ogden's constitutional and state rights when Officer Pacheco shot and killed Ogden. On April 21, 2008, the court granted Defendants' Motion for Summary Judgment.

On September 5, 2008, Magistrate Judge Leslie E. Kobayashi filed her Report of Special Master on Plaintiff's Objections to Defendants' Bill of Costs and Motion to Disallow, recommending that the district court tax costs against Plaintiff in the amount of $3,000 (the "Special Master's Report"). On September 24, 2008, Defendants objected to the Special Master's Report, arguing that the Special Master improperly adjusted Defendants' award of costs from $6,973.71 to $3,000. In response, Plaintiff argues that no costs at all should be imposed. Based on the following, the court AFFIRMS the Special Master's Report.

## II. STANDARD OF REVIEW

In acting on a special master's report, the district court must afford an opportunity to be heard and may receive evidence. Fed. R. Civ. P. 53(f)(1). The district court may "adopt or affirm; modify; wholly or partly reject or reverse, or resubmit to the master with instructions." *Id*. The district court must decide de novo all objections to findings of fact and/or conclusions of law made or recommended by the special master. Fed. R. Civ. P. 53(f)(3) & (4).

## III. DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party." *Champion Produce,*

*Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003), provides the following explanation for when costs may be denied:

> We have previously approved as appropriate reasons for denying costs: (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing high costs on future civil rights litigants. In addition, we noted with approval in *Mexican-American Educators* that other circuits have held that the following factors are appropriate: (1) the issues in the case were close and difficult; (2) the prevailing party's recovery was nominal or partial; (3) the losing party litigated in good faith; and, perhaps, (4) the case presented a landmark issue of national importance. [*Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 592 n. 15 (9th Cir.2000) (en banc)]. *See also Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

The Special Master's Report found that Defendants' award of costs should be adjusted from $6,973.71 to $3,000 because Plaintiff has a limited ability to pay, a larger award would have a chilling effect on other similarly situated persons who may desire to bring civil rights actions, and Defendants are in a better position to bear the costs of litigation. Upon a de novo review of the Special Master's Report, the court agrees that costs in the amount of $3,000 are appropriate.[1]

---

[1] Because the parties did not object to the Special Master's calculation of allowable costs, the court does not review that portion of the Special Master's Report.

As an initial matter, the court rejects Plaintiff's argument that all costs must be disallowed.  Plaintiff argues that costs must be disallowed unless the court first finds that Plaintiff's claims were frivolous.  Plaintiff's proposition is wrong as a matter of law.  It is true that prevailing defendants in civil rights actions are entitled to *attorney's fees* only if the claims were frivolous, *see Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978); *E.E.O.C. v. Bruno's Restaurant*, 13 F.3d 285, 287 (9th Cir. 1993), but they are nonetheless entitled to recover *costs* "as a matter of course" under Federal Rule of Civil Procedure 54(d).  *See Champion Produce, Inc.*, 342 F.3d at 1022; *Nat'l Org. for Women v. Bank of Cal.*, 680 F.2d 1291, 1294 (9th Cir. 1982).  Accordingly, Defendants are entitled to recover their costs in this action.

Regarding the proper amount of costs, the court rejects Defendants' arguments that the Special Master's determination is without foundation and agrees with the Special Master that costs should be reduced to $3,000.  Specifically, a number of factors support limiting Defendants' recovery of costs. First, there appears to be significant economic disparity between Decedent's estate and Defendants.  While the evidence regarding Ogden's assets at the time of his death

are murky, it does not appear that Ogden's estate has substantial assets.[2]  In comparison, the County has a better ability to bear these costs.  Second, the imposition of full costs on Plaintiff could chill future civil rights litigants.  Ogden was shot to death by a police officer on a Maui beach.  This case therefore raised issues of great public concern and interest; a reduction in costs will help ensure that future litigants are not dissuaded from filing such actions.  Finally, Plaintiff pursued this litigation in good faith.  The court therefore taxes $3,000 in costs against Plaintiff and in favor of Defendants.

///

///

///

///

///

///

---

[2]  From the evidence presented, it is unclear what assets Ogden's estate had at the time of his death or at the present time.  A declaration by Plaintiff's counsel states that "at the time of his death [Ogden] had no assets and that his estate had no assets or current value."  Seitz Decl. ¶ 3.  Despite this statement, Ogden held a bank account in Vanuatu, but no evidence was presented regarding its remaining balance.  See Defs.' Reply in Supp. of Bill of Costs, Exs. B, F, G.  Ogden also owned real property at one time, but may have transferred it to Donald Wayne Ogden.  Id. Exs. D; G.  Finally, Plaintiff settled claims against John Lucia for $20,000, but this amount may have been applied to litigation costs.  Plaintiff no doubt incurred litigation costs in preparing this case, responding to discovery and motions, and engaging an expert witness.

## IV.  CONCLUSION

For the reasons discussed above, the court AFFIRMS the September 5, 2008 Special Master's Report.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 9, 2008.



 /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Ogden v. Maui et al.*, Civ. No.  06-00113 JMS/LEK; Order Affirming Report of Special Master on Plaintiff's Objections to Defendants' Bill of Costs and Motion to Disallow